# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Laura Mesoraco | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 09-320 |
| | ) |
| -vs- | ) |
| | ) |
| Capital Blue Cross/Blue Shield, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## OPINION AND ORDER OF COURT

Defendant Capital Blue Cross ("Capital") is an insurance company which provided health insurance coverage to Plaintiff, ("Mesoraco"). See Complaint, ¶¶5, 7. According to her complaint, Mesoraco underwent breast reduction surgery to alleviate back, neck and shoulder pain as recommended by her doctors, but Capital denied coverage allegedly in violation of insurance plan documents and in breach of its fiduciary duty. See Complaint, ¶¶14, 16-18. Capital filed a motion to dismiss the complaint suggesting: (1) that neither of Mesoraco's claims are covered by ERISA since her health plan was created and maintained by a government entity; (2) Capital cannot be held liable since it is only a third party administrator for the Pennsylvania Employees Benefit Trust Fund ("PEBTF") health plan; and (3) Mesoraco failed to join PEBTF, a necessary and indispensable party. Mesoraco filed a responsive brief and Capital filed a reply brief. After careful consideration, and for the reasons set forth below, the Motion to Dismiss is denied without prejudice.

**A. Applicable Standards**

Defendant filed its motion to dismiss under under Fed.R.Civ.P. 12(b)(1), 12(b)(6) and

12(h)(3). In deciding a motion to dismiss under Fed R. Civ. P. 12(b)(6), all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. *Worldcom Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003). Pursuant to Fed.R.Civ.P. 12(b)(6), a motion to dismiss may be granted by the court if it is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation." *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984); *Conley v. Gibson*, 355 U.S. 41 (1957). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. *Neitzke v. Williams*, 490 U.S. 319 (1989). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).

F.R.Civ.P. 12(b)(1) allows a party to challenge the court's subject matter jurisdiction based on the face of the complaint or raise a factual challenge to the jurisdiction alleged in the complaint. The Third Circuit has explained that a 12(b)(1) factual challenge motion differs from a 12 (b)(1) facial challenge motion and a 12 (b)(6) motion in the following respects:

> At the outset we must emphasize a crucial distinction, often overlooked, between 12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings. The facial attack does offer similar safeguards to the plaintiff: the court must consider the allegations of the complaint as true. The factual attack, however, differs greatly for here the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case – there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.

*Mortensen v. First Federal Savings and Loan Association*, 549 F.2d 884, 891 (3d Cir.1977). In such a situation, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of

disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *Carpet Group Intern. v. Oriental Rug Importers Association, Inc.*, 227 F.3d 62 (3d Cir. 2000), citing *Mortensen*, *supra*. In addition, the burden of proving the existence of subject matter jurisdiction lies with the plaintiff. *Ibid.*

## B. Defendant's Arguments

### 1. Dismissal Under 12(b)(1) for Lack of Subject Matter Jurisdiction

Plaintiff alleged in her Complaint that this Court has jurisdiction under 28 U.S.C.S. §1331 (federal question jurisdiction) and 29 U.S.C.S. §1132 (ERISA). Capital's primary argument suggests that Mesoraco's health insurance plan qualifies as a "government plan" as defined by 29 U.S.C.A. § 1002(32).[1] Under 29 U.S.C.A. §1003(b)(1) there is no coverage under ERISA for government plans. If there is no coverage under ERISA, Capital suggests this Court lacks subject matter jurisdiction.

In support of its argument, Capital attached an affidavit of Amy Montgomery, a senior account executive at Capital Blue who attested that Mesoraco was a participant in the Pennsylvania Employees Benefit Trust Fund ("PEBTF") and that this was a health plan "sponsored by the Commonwealth of Pennsylvania" for its employees.

First, Mesoraco did not sue PEBTF. Mesoraco sued Capital, the third party administrator, which falls outside the definition of a "government plan" as defined by 29 U.S.C.A. §1002(32).

In addition, in response to Capital's primary argument Mesoraco attached a letter from

---

[1] Sub-section 32 of 29 U.S.C.S. §1002 reads in relevant part: "The term 'governmental plan' means a plan established or maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing."

3

Anthony Molinaro, M.D., the Associate Medical Director for Capital. In this letter, Dr. Molinaro, states that Mesoraco's health plan <u>may</u> be subject to ERISA and informs Mesoraco that she has the right to bring a civil action under ERISA Section 502(a). Given these statements, it appears as though Capital itself has admitted that Mesoraco's plan possibly falls within ERISA's scope.

In sum, Mesoraco sued only Capital – and not PEBTF – an entity which would not necessarily preclude this lawsuit from going forward at this point in time. Given that Mesoraco did not sue PEBTF (an entity which, per Capital, could not be sued under ERISA), and given the statement made by Capital's associate medical director suggesting the plan may be subject to ERISA, I decline to dismiss this lawsuit for lack of subject matter jurisdiction at this time.

**2. Dismissal of Count I under 12(b)(6)**

In Count I, Mesoraco alleged that under the plan she was entitled to medical benefits and was denied those benefits in violation of the plan. Capital argues that Mesoraco's claims for benefits in Count I can only be asserted against the plan (PEBTF) and cannot be asserted against it as a third-party plan administrator.

In making this argument, Capital relies mostly on unreported cases out of the Eastern District of Pennsylvania. The Third Circuit, albeit in a case factually distinguishable from the instant matter, held that, "[i]n an ERISA action to recover benefits due, the defendant is the plan itself, <u>or plan administrators in their official capacities only</u> . . .." *Graden v. Conexant Systems Inc.*, 496 F.3d 291(3d Cir. 2007) (emphasis added). Similarly, in *Evans v. Employee Benefit Plan, Camp Dresser & McKee, Inc.*, 311 Fed.Appx. 556, 558 (3d Cir. 2009) the Third Circuit held that, "the proper defendant is the plan itself or a person who controls the administration of benefits under the plan" and "[e]xercising control over the administration of benefits is the defining feature of the proper

4

defendant under 29 U.S.C. § 1132(a)(1)(B)."

In the *Evans* case, the plaintiff requested – and was initially granted – long term disability benefits due to her asthmatic condition. MetLife, the company that administered the disability benefits plan for Plaintiff's employer, CDM, eventually terminated her disability benefits. The plaintiff sued both MetLife and CDM for wrongful denial of benefits under ERISA. Although the plaintiff claimed that her employer shared discretionary authority with MetLife to interpret the disability plan, the district court disagreed holding that CDM was not a proper defendant. The Third Circuit, affirming the district court noted that the plaintiff failed to produce any evidence that tended to show that "CDM [had] any authority or responsibility for administering benefits under the plan." *Ibid.*

Despite Capital's assertion that it is immune from suit given its status as an administrator and based on language in the plan documents, Mesoraco claims that Capital: (1) refused to cover the costs of her surgery, and (2) when she appealed that decision, Capital again denied her health care coverage benefits for the surgery. (Complaint ¶¶ 18, 20). Since this is a 12(b)(6) argument, no extraneous evidence is considered, and viewing these factual allegations in a light most favorable to the plaintiff, I decline to grant Capital's motion to dismiss Count I on this basis at this time.

**3. Dismissal of Count II under 12(b)(6)**

Capital also suggests that Mesoraco's claim for breach of fiduciary duty as set forth in Count II fails because Mesoraco asserted "[facts] and a section of ERISA that do not support ERISA fiduciary liability." Specifically, Capital argues that both Count I and Count II seek to "recover benefits" under 29 U.S.C. §1132(a)(1)(B).

I agree that the relief requested by Mesoraco in both Counts seeks to recover benefits, and

some clarity with respect to the breach of fiduciary duty claim may be warranted. However, I decline to dismiss Count II, and instead will ask Mesoraco to amend her pleading to clarify this claim.

**4. Dismissal under 12(b)(7) Failure to Join an Indispensable Party**

Capital argues that based on the extraneous evidence it provided in support of its primary argument which was filed under 12(b)(1), PEBTF is an indispensable party and asks that this case be dismissed under F.R.Civ.P. 12(b)(7) and F.R.Civ.P. 19 for failure to join PEBTF.

Rule 19 provides as follows:

(a) Persons to be Joined if Feasible.
    (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
        (A) in the person's absence complete relief cannot be accorded among those already parties ….

Fed. R. Civ. P. 19(a).

> Whenever feasible, the persons materially interested in the subject of an action . . . should be joined as parties so that they may be heard and a complete disposition made. When this comprehensive joinder cannot be accomplished – a situation which may be encountered in Federal courts because of limitations on service of process, subject matter jurisdiction, and venue – the case should be examined pragmatically and a choice made between the alternatives of proceeding with the action in the absence of particular interested persons, and dismissing the action.
> Even if the court is mistaken in its decision to proceed in the absence of an interested person, it does not by that token deprive itself of the power to adjudicate as between the parties already before it through proper service of process.

Fed.R.Civ.P. 19, Advisory Committee's Notes, 1966 Amendment, General Consideration.

Capital, in its primary argument, suggested that Mesoraco could not sue PEBTF because it is a government plan as defined by ERISA, and there exists no coverage under ERISA for government plans. Capital also argued that if there were no coverage under ERISA, this Court would lack subject matter jurisdiction. In the immediate argument, Capital suggests PEBTF must be joined

6

as an indispensable party, which would have the ultimate effect – relating back to Capital's primary argument – of Capital filing another motion to dismiss renewing its claim that this court lacks jurisdiction.

Mesoraco opted to sue only the third party administrator, Capital, and she bears the burden of proving whether this administrator can be held liable under ERISA. By denying Capital's motion to dismiss she will be given that opportunity, but with the caveat that Capital may renew its arguments at a later point in time.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Laura Mesoraco | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 09-320 |
| | ) |
| -vs- | ) |
| | ) |
| Capital Blue Cross/Blue Shield, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## **ORDER**

AND NOW, this 18th day of June, 2009, after careful consideration, and for the reasons set forth in the accompanying Opinion, the Motion to Dismiss (Docket No. [2]) is DENIED. Plaintiff is instructed to file an amended complaint to clarify Count II by June 26, 2009.

A Case Management Conference is scheduled for June 29, 2009 at 10:30 a.m.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose,
Chief U.S. District Judge